Judge Mills
delivered tho Opinion of the Court.
This case is an attempt to recover, in an action of assummsit, the value of improvements made by *524 the plaintiff below, on a tract of land sold to him by the defendant, by a contract in parol only, and the plaintiff himself failed to carry into effect, and which could not be specifically enforced, and damages could not be recovered at law for a breach thereof, because of the provisions of the act of Assembly, entitled “An act to prevent frauds and perjuries.”
Query whether such improvements would not uphold a subsequent primise-.
-As to remedy in equity.
Triplett for plaintiff; Crittenden for defendant.
On no principle wihch we can conceive, will an action of assumpsit, express or implied, lie in such case. The request of the defendant in such action, must either be proved, or presumed from the cir-cumstances, to authorize the action. Here there is not only no proof of a request, but also, the want of such facts from which the law will imply it.
Whether such labor might not form a good considerafion to uphold a subsequent promise, or whether a court has done of equity might not afford a recovery, as this court has done in many instances, we need not now determine. For such case is not presented. Herewith accords the case of Shrieve vs Grimes, 4 Litt. Rep. 220,
The decision of the court below, admitting the evidence, when objected to, and in overruling the motion for a new trial, and sustaining the verdict founded on such evidence, is, therefore, deemed erroneous, and must be reversed with costs, and the cause be remanded for new proceedings, not in consistent with this opinion.